**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES RICHARD DUDLEY,**

    **Plaintiff,**

    **v.**                                    **CASE NO. 20-3241-SAC**

**(FNU) KENT,**

    **Defendant.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff James Richard Dudley is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper amended complaint to cure the deficiencies.

**1.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that on October 30, 2019, Plaintiff was trying to be compliant with a pat search when CS1 Kent became extremely aggressive. Plaintiff alleges that his hands were cuffed behind his back when Kent raised Plaintiff's hands to almost above his head and Plaintiff asked him to put Plaintiff's arms down. Plaintiff alleges that Kent responded by kicking Plaintiff in the legs. Plaintiff complained about his treatment to Lt. Widener and Lt. Widener ordered Kent to stop being aggressive. Plaintiff claims that the pat search then

1

proceeded and finished normally as Kent obeyed Lt. Widener's order.

Plaintiff alleges that Lt. Widener then left the area, and as soon as he was gone Kent once again became extremely aggressive with Plaintiff.  Plaintiff was taken to the strip search cell and once there Kent pulled Plaintiff's cuffed hands outside of the food pass and tugged and jerked on his hands "to make it look like [Plaintiff] was resisting."  Plaintiff claims he was not resisting, and he let the officers remove the cuffs.  Plaintiff claims that he then turned around and started arguing with Kent about his aggressiveness and Plaintiff's lack of resistance.  During the argument, Kent became angry and sprayed Plaintiff with pepper spray.  Plaintiff retreated inside the cell and went around the wall.  Kent put his can and arm through the food pass and sprayed Plaintiff again.

Plaintiff alleges that after Kent "was done" Plaintiff felt that it was safe to go back to the door.  Plaintiff went to the door and asked Kent "that's how you're feeling Kent?"  Kent responded that "you know what time it is bitch!"  Plaintiff claims that he then knew Kent was intentionally trying to hurt him, so Plaintiff lost control and slapped Kent in the face.  Kent then sprayed Plaintiff with pepper spray again and Plaintiff retreated around the cell wall.  Kent sprayed Plaintiff around the wall.  Lt. Widener then came back at that moment and asked "what the hell, did you spray him?"  Kent told Widener that he sprayed Plaintiff because Plaintiff had smacked him.  Lt. Widener ordered Kent to leave the area and he complied.  On his way, another prisoner commented and Kent responded by saying "shut up or you will be next."  Plaintiff alleges that he suffered severe burning sensations due to the pepper spray.

Plaintiff names CS1 Kent as the sole defendant.  Plaintiff seeks punitive damages, compensatory damages, a written apology, and "terms and agreements under contract."  Plaintiff has also filed a motion to amend his complaint (Doc. 9), seeking to clarify that he is suing Kent in both his individual and official capacities.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Excessive Force

Plaintiff fails to state a claim of excessive force under the Eighth Amendment's Cruel and

Unusual Punishments Clause. *See Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving convicted prisoners arise under the Eighth Amendment"). The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id.* at 319. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10.

Plaintiff must prove both an objective component and subjective component to succeed on an excessive force claim. *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003). To establish the objective component, Plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* Not every isolated battery or injury to an inmate amounts to a federal constitutional violation. *See Hudson*, 503 U.S. at 9 (stating that not "every malevolent touch by a prison guard gives rise to a federal cause of action.") (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights")).

Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a

constitutional violation.  In *Snyder v. Spilde*, the court found that:

> Merely grabbing and twisting Mr. Snyder's arms does not allege a
> constitutional violation.  *See e.g., Norton v. The City of Marietta*,
> 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which
> prison guards were alleged to have injured prisoner by grabbing him
> around his neck and twisting it because the guards' actions were not
> objectively harmful enough to establish a constitutional violation);
> *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir.
> 1999) (dismissing excessive force claim based on allegations that
> prison officials grabbed inmate, tried to ram him into a wall, and
> dragged him while walking him through the prison); *Marshall*, 415
> Fed. App'x at 853–54 (dismissing excessive force claim based on
> allegations that corrections officer dug his fingernails into prisoner's
> arm without cause to do so resulting in redness and bruising).
> *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000)
> (holding that shoving a prisoner into a doorframe, which resulted in
> bruising on his back, did not state a constitutional violation); *Boddie
> v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that
> bumping, grabbing, elbowing, and pushing a prisoner was "not
> sufficiently serious or harmful to reach constitutional dimensions.");
> *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)
> (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was
> insufficient use of force to state a constitutional violation); *Olson v.
> Coleman*, 804 F. Supp. 148, 149–50 (D. Kan. 1982) (single blow to
> prisoner's head while escorting him into prison, causing contusion,
> was de minimis use of force not repugnant to conscience of
> mankind).

*Snyder v. Spilde*, No. 15-cv-2169-GPG, 2016 WL 1059612, at *3–4 (D. Colo. March 17, 2016).

To establish the subjective component, Plaintiff must show that Kent "act[ed] with a sufficiently culpable state of mind."  *Cochran*, 339 F.3d at 1212 (citation omitted).  Plaintiff's Complaint does not allege specific facts indicating that the defendant official engaged in the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment. Plaintiff's excessive force claim is subject to dismissal.

### 2. Motion to Amend

Plaintiff seeks to amend his Complaint to clarify that he is suing Kent in both his individual and official capacities.   The Court will treat the motion as a motion to supplement his Complaint

and will grant the motion.  However, the Court notes that an official-capacity suit is another way of pleading an action against the governmental entity itself.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "The Tenth Circuit has made it clear that where a claimant seeks relief against a KDOC official in his or her official capacity, the party seeks judgment against the KDOC itself, rendering the claim as one against the sovereign."  *Jamerson v. Heimgartner*, No. 5:17-3205-JAR-KGG, 2020 WL 1923074, at *10 (D. Kan. April 21, 2020) (citing *Jones v. Courtney*, 466 F. App'x 696, 699 – 700 (10th Cir. 2012) (collecting cases)).

The Eleventh Amendment therefore applies to any official capacity claims against a KDOC defendant.  *Id*.  The Eleventh Amendment generally "bars federal suits against state officers in their official capacities for money damages."  *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *see also Staples v. United States*, 762 F. App'x 525, 529 (10th Cir. 2019) (unpublished) (stating that "§ 1983 authorizes official-capacity claims only for injunctive relief and not for damages") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)).  Kansas has not waived the defense of sovereign immunity with regard to § 1983 prisoner claims in federal courts.  *Nunez v. Heimgartner*, Case No. 15-3259-EFM-DJW, 2017 WL 2264466, at *5 (D. Kan. May 24, 2017) (citing *Hunter v. Young*, 238 F. App'x 336, 338 (10th Cir. 2007)).  "Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983."  *Franklin*, 160 F. App'x at 734 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Therefore, Plaintiff's claim for money damages against Kent in his official capacity is subject to dismissal.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the

reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to amend (Doc. 9) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 19, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **February 19, 2021**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (20-3241-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated January 20, 2021, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**