IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                                  CASE NO. 20-3241-SAC

(FNU) KENT,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening Plaintiff's Amended Complaint at Doc. 11.

Plaintiff alleges that on October 30, 2019, Plaintiff was trying to be compliant with a pat search when CS1 Kent became extremely aggressive. Plaintiff alleges that his hands were cuffed behind his back when Kent raised Plaintiff's hands to almost above his head and Plaintiff asked him to put Plaintiff's arms down because he was not resisting the pat search. Plaintiff alleges that Kent responded by kicking Plaintiff in the legs. Plaintiff complained about his treatment to Lt. Widener and Lt. Widener ordered Kent to stop being aggressive. Plaintiff claims that the pat search then proceeded and finished normally as Kent obeyed Lt. Widener's order.

Plaintiff alleges that Lt. Widener then left the area, and as soon as he was gone Kent once again became extremely aggressive with Plaintiff. Plaintiff was taken to the strip search cell and once there Kent pulled Plaintiff's cuffed hands outside of the food pass and tugged and jerked on

his hands to "make it look like [Plaintiff] was resisting." (Doc. 11–2, at 1.) Plaintiff claims he was not resisting, and he let the officers remove the cuffs. Plaintiff claims that he then turned around and started arguing with Kent about his aggressiveness and Plaintiff's complete lack of resistance. During the argument, Kent became angry and sprayed Plaintiff with pepper spray. Plaintiff retreated inside the cell and went around the wall. Kent put his can and arm through the food pass and sprayed Plaintiff again.

Plaintiff alleges that after Kent "was done" Plaintiff felt that it was safe to go back to the door. Plaintiff went to the door and asked Kent "that's how you're feeling Kent?" Kent responded that "you know what time it is bitch!" Plaintiff claims that he then knew Kent was intentionally trying to hurt him, so Plaintiff lost control and slapped Kent in the face. Kent then sprayed Plaintiff with pepper spray again and Plaintiff retreated around the cell wall. Kent sprayed Plaintiff around the wall. Lt. Widener then came back at that moment and asked "what the hell, did you spray him?" Kent told Widener that he sprayed Plaintiff because Plaintiff had smacked him. Lt. Widener ordered Kent to leave the area and he complied. On his way, another prisoner commented and Kent responded by saying "shut up or you will be next." Plaintiff alleges that he suffered severe burning sensations due to the pepper spray.

Plaintiff names CS1 Kent as the sole defendant and sues him in his individual capacity. Plaintiff seeks punitive damages, compensatory damages, a written apology, and "terms and agreements under contract." (Doc. 11, at 5.)

The Eighth Amendment's prohibition against "cruel and unusual punishments" applies to the treatment of inmates by prison officials. *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). Prison officials violate inmates' Eighth Amendment rights when they subject them to the "unnecessary and wanton infliction of pain." *Id*. at 319. "[W]henever prison officials stand

accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendant Kent under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Amended Complaint.

(3) Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered

together.

(4)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)  Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)  No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated October 12, 2021, in Topeka, Kansas.**

> <u>S/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**